IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY MORRISON and
SHERRI MORRISON,

          Plaintiffs,

v.                      CIVIL ACTION NO.  3:20-0674

COLUMBIA GAS TRANSMISSION, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Columbia Gas Transmission, LLC's (Defendant) Motion for Partial Summary Judgment. ECF No. 27. A motion hearing was held on Monday, October 25, 2021, to take evidence and hear arguments. For the reasons stated at the hearing and below, the Court **GRANTS** the Motion.

          **I.**        **BACKGROUND**

Plaintiffs' father, Dallas Morrison, died testate on November 9, 2005, leaving Plaintiffs a 31.04-acre tract of land (the Property) near Milton, West Virginia in Cabell County. *Def's Mot. for Partial Summ. J. Ex. A*, ECF No. 27-1, at 12, 18. Dallas Morrison had farmed on the Property, but otherwise the Property was unused. ECF No. 27-1, at 19. There were no homes built on the Property, although Plaintiff Sherri Morrison indicated that a barn was built. *Id. Ex. B.*, ECF No. 27-2, at 12. After Dallas Morrison's death in 2005, farming on the Property ceased and it has gone essentially unused for the last 15 years.  ECF No. 27-1, at 20–21.

In 2016, Plaintiffs met with Cody Carr (whom Plaintiffs claim was a representative for Defendant, though Defendant disputes this) to discuss Defendant acquiring land rights on the

Property. ECF No. 27-1, at 27, 31; ECF No. 27-2, at 20–21. Plaintiffs allege that during their initial meeting, Mr. Carr informed them that the regulation station that was proposed to be built on a portion of Plaintiffs' Property would be no larger than a garden shed. ECF No. 27-1, at 26–27. Plaintiffs indicated in deposition that they did not know whether Mr. Carr actually knew how large the station would be at the time he made this representation. ECF No. 27-1, at 66; ECF No. 27-2, at 23.  Plaintiffs were also unaware as to whether Mr. Carr was an employee of Defendant. ECF No. 27-1, at 27.

The parties entered into an Easement and Right-of-Way agreement on August 27, 2021; Plaintiffs were paid $7,650 in consideration. *Id. Ex. D.*, ECF No. 27-4. The parties also entered into a Measuring/Regulating Equipment Agreement, allowing Defendant to construct and maintain a station on the Property; Plaintiffs were paid $13,950 in consideration. *Id. Ex. E.*, ECF No. 27-5. Subsequently, the parties entered into an Amendment to the Right-of-Way Agreement which enlarged the previously granted easement; Plaintiffs were paid $16,050 in consideration. *Id. Ex. F.*, ECF No. 27-6. In total, Defendants paid Plaintiffs $37,650 for the use of their land. Plaintiffs were not represented by counsel during the course of these agreements. Although Defendant did not raise this point, the agreements contain language that indicate that the contracts signed by Plaintiffs "supersede[ ] all prior verbal or written agreements, representation or understandings pertaining to the subject matter" of the contracts.  ECF Nos. 27-4, at 3, 27-5, at 3. The agreements included maps that showed the size and dimensions of the easement and fence line which would surround the station. *See* ECF Nos. 27-4, 27-5, 27-6. While it appears that Plaintiff Mr. Morrison had seen these maps, Plaintiff Ms. Morrison had not seen the attached maps prior to her deposition.  ECF No. 27-1, at 56; ECF No. 27-2, at 34–35.

Plaintiffs filed their Complaint on February 28, 2020. ECF No. 1. The matter was then removed to this Court on October 12, 2020. Plaintiffs filed an Amended Complaint on December 14, 2020. ECF No. 13. Defendant filed this Motion for Partial Summary Judgment on July 19, 2021.[1] Defendant seeks summary judgment on Count II of Plaintiffs' Complaint regarding the claim for fraud.

## II.   LEGAL STANDARD

Under Rule 56 for summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.   DISCUSSION

---

[1] The Court recognizes that Defendant filed a Motion to Strike Plaintiffs' Supplemental Response to Defendant's Motion for Partial Summary Judgment. ECF No. 33. The Court **DENIES** this Motion and permits the consideration of this Supplemental Response. ECF No. 32.

Plaintiffs' Complaint alleges that Defendant is liable for fraud because Mr. Carr told Plaintiffs that the station that would be built would be no larger than a "garden shed." *Pl. Compl.* ¶ 14–18. West Virginia recognizes both actual fraud and constructive fraud. To establish a claim for actual fraud in West Virginia, a plaintiff must prove three essential elements: 1) the fraudulent act was done by defendant or induced by defendant; 2) that the act was material and false, and that plaintiff reasonably relied on this act; and 3) plaintiffs suffered some form of damage because of their reliance. *Sneberger v. Morrison*, 776 S.E.2d 156, 172 (W. Va. 2015). This requires some kind of intentional action. *Stanley v. Sewell Coal Co.*, 285 S.E.2d 679, 683 (W. Va. 1981). In the context of contracts, a fraudulent act can be in the "inducement of a contract or in the execution of a contract." *Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981). Further, for a fraudulent act in a contract context, the defendant need not know for certain whether an allegedly fraudulent statement is false; it is enough when the defendant either knew the statements was false, makes the statement without knowing whether it is true or false, or makes it under circumstances that they should know of its falsity. *Id.*

Plaintiffs here cannot point to any evidence that demonstrates intentional deception or any evidence demonstrating Mr. Carr's knowledge when he made representations to Plaintiffs about the size of the purported station. No deposition was taken of Mr. Carr to elicit what he may or may not have known at the time he spoke to Plaintiffs. In fact, Plaintiffs made no discovery requests to Defendant. Therefore, Plaintiffs cannot meet their burden to prove that there was a fraudulent act, and thus, cannot successfully prove actual fraud.

Constructive fraud, also known as quasi fraud, exists where conduct that is not actually fraudulent is treated as fraud because it "contravene[s] a substantial public policy principle." *Stanley*, 285 S.E.2d at 683. It is "a breach of legal or equitable duty, which, irrespective of moral

guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Id.* Claims for constructive fraud can be brought where a "fiduciary or confidential" relationship exists between parties. *Miller v. Huntington & Ohio Bridge Co.*, 15 S.E.2d 687, 695 (W. Va. 1941). A fiduciary duty is considered a "duty to act for someone else's benefit, while subordinating one's personal interest to that of the other person. It is the highest standard of duty implied by law." *Elmore v. State Farm Mut. Auto. Ins. Co.*, 504 S.E.2d 893, 898 (W. Va. 1998) (quoting Black's Law Dictionary 625 (6th ed. 1990)). Parties to a contract are generally not considered to be in a fiduciary relationship with one another. *See id.* at 900 (finding that parties in a contract for insurance are not in a fiduciary relationship).

Here, Plaintiffs entered into a contract with Defendant granting Defendant an easement and certain rights to their Property. There existed no fiduciary relationship between Defendant and Plaintiff. Therefore, Plaintiffs cannot prove facts that support a claim for constructive fraud.

Plaintiffs provide no evidence supporting the elements for actual or constructive fraud, and therefore, summary judgment is appropriately granted to Defendant on this issue. Further, because summary judgment is granted, Plaintiffs cannot recover punitive damages for their fraud claim.

### IV. CONCLUSION

For the reasons stated above and at the hearing, the Court **GRANTS** Defendant's Motion, ECF No. 27, and **DISMISSES** Count II.

Further, the Court **DENIES** Defendant's Motion to Strike Supplemental Response. ECF No. 33.

-6-

The Clerk is **DIRECTED** to send a copy of this Opinion to counsel of record and any unrepresented parties.

ENTER: October 26, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE